UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SERVICES, INC.,　　　　　　　　　　Civil action no. 4:07-cv-12389

　　　　Plaintiff,　　　　　　　　　　　　　　JUDGE:　PAUL V. GADOLA

vs.

NED NORETTO,

　　　　Defendant.
_____/
BUTZEL LONG
James J. Giszczak (P-46917)
Katherine D. Goudie (P-62806)
Attorneys for Plaintiff
150 W. Jefferson St., Ste. 100
Detroit, Michigan 48226

KIRK M. LIEBENGOOD (P-28074)
Attorney for Defendant
P.O. Box 1405
Flint, Michigan 48501
(810) 232-6351
_____/

**MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR CHANGE OF VENUE**

Introduction

This case involves enforcement of a non-compete agreement between the Plaintiff and its former employee.

Factual Background

For purposes of this Motion, Defendant would direct the Court to Plaintiff's Verified Complaint. It indicates certain activities undertaken by the Defendant at Plaintiff's request. The document attached as Exhibit A to Plaintiff's Motion is dated February 1, 2002 and denotes Portland and a branch number 5010 by its terms. The document attached as Exhibit B includes substantial redacted information but identifies in the upper left-hand corner Portland, Oregon district as the location where the

purported harm to Plaintiff is expected to occur based upon some customer list information.

The email address identified in Exhibit C relates to, upon information and belief, a certain business transaction occurring in Portland, Oregon engaged in by a California corporation.

## Argument

The entire transaction between these parties occurred in the State of Oregon. The so-called Non-Compete Agreement indicates that it is to be "interpreted and enforced under Michigan law." No place in the Agreement does it indicate that any litigation associated with this document is only to be commenced within the State of Michigan.

28 USC Section 1391 provides the standard for evaluating venue. That statute provides that:

> "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

It is undisputed the Defendant is a resident of the State of Oregon. It is undisputed that the transaction between these parties occurred in the State of Oregon. It is undisputed that the supposed harm to the Plaintiff is or may be occurring in the State of Oregon.

## Conclusion

For the reasons recited, the Court should decline to continue to exercise jurisdiction in this matter and direct that this case be transferred to the appropriate

district court including the jurisdiction where Defendant resides in the State of Oregon.

        Respectfully submitted,


        /s/ Kirk M. Liebengood

Dated:  June 13, 2007

## Proof of Service

I hereby certify that on June 13, 2007, I electronically filed the foregoing Memorandum Brief in Support of Motion for Change of Venue with the Clerk of the Court using the ECF system which will send notification of such filing to Plaintiff's attorney at giszczak@butzel.com.

        /s/ Kirk M. Liebengood