UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SERVICES, INC.,

    Plaintiff,

v.

NED NORETTO,

    Defendant.

Case No. 4:07-cv-12389

Hon. PAUL V. GADOLA

---

BUTZEL LONG
By: James J. Giszczak (P46917)
    Katherine D. Goudie (P62806)
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 983-7475
Attorneys for Plaintiff

KIRK M. LIEBENGOOD (P28074)
P.O. Box 1405
Flint, MI 48501
(810) 232-6351
Attorney for Defendant

---

**PLAINTIFF KELLY SERVICES, INC.'S RESPONSE BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR CHANGE OF VENUE OR DISMISSAL**

## **TABLE OF CONTENTS**

Questions Presented ...................................................................................................... iii

Controlling or Most Appropriate Authorities ................................................................ iv

Introduction .................................................................................................................... 1

Statement of Relevant Facts ........................................................................................... 2

Argument ........................................................................................................................ 3

    I.       This Court has Personal Jurisdiction Over Noretto .................................. 3

            A.      Standard of Review ........................................................................ 3

            B.      Noretto has Waived Any Challenge
                  to Personal Jurisdiction .................................................................. 3

            C.      The Exercise of Personal Jurisdiction over Noretto is Proper
                  Under Michigan's Long Arm Statute and the Due Process Clause 5

    II.      Venue Should Remain in the Eastern District of Michigan ....................... 8

            A.      Standard of Review ........................................................................ 8

            B.      Venue is Proper in Michigan Pursuant to 28 USC § 139(a)(2) ...... 8

Conclusion .................................................................................................................... 10

# QUESTIONS PRESENTED

I.    Does this Court have personal jurisdiction over Defendant Noretto when he raised lack of personal jurisdiction for the first time in his Supplemental Brief for Change of Venue and where Noretto was hired and recruited directly out of Kelly Services' headquarters located in Troy Michigan, entered into an employment contract with a Michigan company, traveled to Michigan for annual meetings and training, and was directly supervised by and reported to employees who worked out of Kelly Services' headquarters?

    Plaintiff Kelly Services answers:    Yes

    Defendant Noretto answers:    No

II.    Pursuant to 28 U.S.C. § 1391(a)(2), is venue proper where Defendant Noretto is misappropriating confidential information and trade secrets that were provided to him during annual meetings in Michigan, approved in Michigan, and stored on computer servers located in Michigan; Noretto is breaching a contract that he executed with Kelly Services, a company headquartered in Michigan; and Noretto's actions are causing a Michigan company to suffer irreparable harm?

    Plaintiff Kelly Services answers:    Yes

    Defendant Noretto answers:    No

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**ISSUE I:**

    M.C.L. § 600.705

    Fed. R. Civ. P. 12(h)(1)

    *ACS Consultant Co. v. Williams,* 2007 U.S. Dist. LEXIS 15120 (E.D. Mich. Mar. 5, 2007)

    *Brunswick Bowling & Billiards Corp. v. Mendes, Inc.*, 1995 U.S. Dist. LEXIS 13175 (W.D. Mich. Aug. 14, 1995)

    *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985)

    *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)

    *Progressive Medical Tech., Inc. v. Body Recall Inc.,* 1994 U.S. Dist. LEXIS 8213 (W.D. Mich. Mar. 28, 1994)

    *Superior Consulting Co., Inc. v. Walling*, 851 F. Supp. 839 (E.D. Mich. 1994)

    *Taubman Co. v. Webfeats,* 319 F.3d 770 (6th Cir. 2003)


**ISSUE II:**

    28 U.S.C. § 1391(a)(2)

    28 U.S.C. § 1406(a)

    *PML North America, LLC v. Harford Underwriters Ins. Co.*, 2006 U.S. Dist. LEXIS 8645 (E.D. Mich. Feb. 13, 2006)

**INTRODUCTION**

Defendant Ned Noretto's Motion for Change of Venue or Dismissal in this non-compete and trade secret action should be denied. First, Noretto improperly requests dismissal of Plaintiff Kelly Services, Inc.'s ("Kelly") Complaint based on lack of personal jurisdiction. However, Noretto has <u>waived</u> his right to challenge personal jurisdiction because he failed to raise it in his first responsive pleading, as required by Federal Rule of Civil Procedure 12(h).

Second, Noretto has numerous contacts with Michigan. These contacts provide sufficient grounds for the Court to exercise personal jurisdiction over Noretto under Michigan's Long-Arm Statute, M.C.L. 600.705 and the Due Process Clause, and for the Court to conclude that venue is proper is this District. Noretto's contacts with Michigan, which also give rise to Kelly's claims, include the following:

- He was recruited and hired out of Kelly's Troy, Michigan headquarters (**Exhibit A**, Sheen Watkins Affidavit, ¶ 5.)

- He entered into an employment relationship with Kelly, which is based and headquartered in Michigan (Verified Complaint, ¶ 2);

- He entered into an employment agreement which contains a Michigan choice of law provision (Exhibit A to Verified Complaint, Agreement, § 7);

- He served in a high-level position, Regional Manager, for the Michigan company (**Exhibit A**, ¶ 5);

- He reported directly to, and corresponded on a regular, often times daily, basis with, his supervisors who were located in the Troy headquarters (**Exhibit A**, ¶ 6);

- He attended annual business and training meetings in Michigan (**Exhibit A**, ¶ 7);

- He accessed, used, misappropriated and still has in his possession, Kelly's trade secrets, which were housed on computer servers located in the Troy headquarters (**Exhibit A**, ¶ 9);

- He was provided with additional confidential information and trade secrets of Kelly during the annual meetings and training sessions that he attended in

1

> Michigan and during his regular communications with its Troy headquarters (**Exhibit A**, ¶¶ 7-8); and

- He is causing irreparable harm to Kelly in Michigan through his breaches of contract and misappropriation of trade secrets.

Therefore, this Court should deny Noretto's Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and deny his Motion to Change Venue or Dismiss under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a).

## STATEMENT OF RELEVANT FACTS

Kelly incorporates the facts set forth in its Verified Complaint and Brief in Support of Motion for Preliminary Injunction. In further support of its Opposition to Noretto's Motion for Change of Venue and Dismissal, Kelly states as follows:

Noretto was recruited and hired out of Kelly's Troy, Michigan headquarters in January 2002. (**Exhibit A**, Affidavit of Sheen Watkins, Kelly's Division Manager for Major Markets – West, ¶ 4.) After executing his employment agreement, Noretto served in a high-level position as Kelly's Regional Manager for the Major Markets Division. His region included numerous markets and clients in Oregon and Washington, including Multnomah, Clackamas, Washington, Columbia, Clatsop, Marion, Yamhill, Linn, Tillamook, Lincoln and Wasco Counties, in the State of Oregon and Clark, Skamania, and Cowlitz Counties, in the State of Washington. (*Id.*, ¶ 5.)

During his employment with Kelly, Noretto reported directly to his supervisors at Kelly's headquarters in Troy. Consequently, Noretto corresponded with employees who worked in Kelly's Troy headquarters, via e-mail and telephone on a regular, often daily, basis. (**Exhibit A**, ¶ 6.) In his high-level position with Kelly, Noretto also attended training and business meetings in Michigan. (*Id.*, ¶ 7.)

During communications with headquarters, and at the annual meetings, Noretto was provided with Kelly's confidential information and trade secrets, including, but not limited to, Kelly's strategic plan, marketing strategies and plans, employee resourcing plans, customer and prospective customer information, and pricing. (**Exhibit A**, ¶ 8.) Additional confidential information and trade secrets to which Noretto had access, and used, were housed on Kelly's computer servers. These servers are located at Kelly's headquarters in Troy, Michigan. (*Id.* ¶ 9.) Business plans and customer information such as pricing and contract terms submitted by Noretto were regularly approved by his superiors who worked in Kelly's Troy headquarters. (*Id.*, ¶ 10.)

## ARGUMENT

**I.    THIS COURT HAS PERSONAL JURISDICTION OVER NORETTO.**

**A.    Standard of Review**

When a defendant challenges personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the existence of personal jurisdiction. *See Audi AG v. Izumi*, 204 F. Supp. 2d 1014, 1016-17 (E.D. Mich. 2002) (citations omitted). The plaintiff, however, must only make a prima facie showing of personal jurisdiction over the defendant because "the Court is not conducting an evidentiary hearing on the matter of personal jurisdiction." *Id.* at 1017. The Court views the evidence in the light most favorable to plaintiff, and it should not consider facts proffered by defendant that conflict with those offered by plaintiff. *Id.* (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)).

**B.    Noretto Has Waived Any Challenge to Personal Jurisdiction.**

The Court, however, need not even consider Defendant's untimely, and improper, jurisdictional objection because Defendant failed to challenge personal jurisdiction in his first

3

responsive pleading, and has thus waived his right to request a dismissal of this action based on lack of personal jurisdiction. Federal Rule of Civil Procedure 12(h) states:

> (h) Waiver or Preservation of Certain Defenses.
>
> (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Courts have interpreted Rule 12(h)(1) as requiring challenges to personal jurisdiction to be raised in the first responsive pleading. *See, e.g., Taubman Co. v. Webfeats,* 319 F.3d 770, 773 (6th Cir. 2003) ("[A] challenge to personal jurisdiction must be raised in the first responsive pleading or be waived. Fed. R. Civ. P. 12(h)(1). . . . Mishoff did not raise the issue of personal jurisdiction in his original answer.").

Here, Noretto's first responsive pleadings filed on June 13, 2007 consisted of his Answer and Affirmative Defenses, Response in Opposition to Kelly's Motion for Temporary Restraining Order and Preliminary Injunction, and Motion for Change of Venue. The Affirmative Defenses did not include any challenge to personal jurisdiction, nor did the Motion for Change of Venue. In its June 14, 2007 order, this Court requested that Noretto file supplemental briefs in support of his Motion to Change Venue and in opposition to Kelly's Motion for Preliminary Injunction. On June 21, 2007, Noretto filed his Supplemental Brief in Support of Motion to Change Venue. Noretto, for the first time in this Supplemental Brief, requested a dismissal based on lack of personal jurisdiction. His request, however, is untimely. Under Rule 12(h), Noretto was required to challenge personal jurisdiction in his first responsive pleading – his Answer or the original Motion to Change Venue. Because of his failure to do so, Noretto waived his right to challenge personal jurisdiction.

4

**C.  The Exercise of Personal Jurisdiction over Noretto Is Proper under Michigan's Long Arm Statute and the Due Process Clause.**

Even if raised timely, Defendant's jurisdictional objection would still fail. The first step in the personal jurisdiction analysis is to determine whether Michigan's Long-Arm Statute allows this Court to exercise jurisdiction over Noretto. Noretto is subject to jurisdiction under Michigan's Long Arm Statute, M.C.L. § 600.705. Specifically, M.C.L. § 600.705 allows Michigan's courts to exercise limited personal jurisdiction over individuals "arising out of an act which creates any of the following relationships":

(1) The transaction of any business within the state.
(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
(3) The ownership, use, or possession of real or tangible personal property situated within the state.

\* \* \*

(6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state. . . .

With respect to the transaction of any business within the state, this Court has interpreted the word "any" to mean "'each' and 'every,' . . . . It comprehends 'the slightest.'" *Superior Consulting Co., Inc. v. Walling*, 851 F. Supp. 839, 844 (E.D. Mich. 1994).

The next step is to determine whether the Due Process Clause permits the exercise of limited personal jurisdiction under Michigan's Long-Arm Statute. A defendant must have "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

Courts consistently exercise personal jurisdiction over former employees where there are even less contacts than in the instant case. In *Superior Consulting, Inc. v. Walling, supra,* this Court exercised personal jurisdiction over a former employee in a non-compete case because the

5

employee, who worked and lived in Texas, made trips to the plaintiff's corporate headquarters in Michigan, provided reports to the Michigan office on a regular basis, and executed his employment agreement in Michigan. 851 F. Supp. at 844. The Court also based its decision on the existence of a Michigan choice of law clause in the parties' employment agreement: "And as Burger King makes clear, a choice-of-law provision as is contained in [defendant's] employment agreements should not 'be ignored in considering whether a defendant has 'purposefully invoked the benefits and protections of a State's law' for jurisdictional purposes.'" 851 F. Supp. at 844 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985)).

In *Progressive Medical Tech., Inc. v. Body Recall Inc.,* 1994 U.S. Dist. LEXIS 8213, *5 (W.D. Mich. Mar. 28, 1994),[1] the court found limited personal jurisdiction over a former employee, a resident of Pennsylvania, because he traveled to Michigan several times for training and his "decision to enter into an employment contract with a Michigan corporation constitute[d] the transaction of 'any business' in Michigan." Similarly, in *Brunswick Bowling & Billiards Corp. v. Mendes, Inc.*, 1995 U.S. Dist. LEXIS 13175, **16-17 (W.D. Mich. Aug. 14, 1995), the court found limited personal jurisdiction over a former employee, whose employment contract was executed and performed in Mexico, because the employee entered into an employment agreement with a Michigan corporation and communicated with the Michigan headquarters.

In *ACS Consultant Co. v. Williams,* 2007 U.S. Dist. LEXIS 15120 (E.D. Mich. March 5, 2007), this Court recently exercised personal jurisdiction over California employees. The Court reasoned that the former employees accessed and used trade secrets which were housed on the company's server located in Michigan.

---

[1]    Unpublished opinions are attached as **Exhibit B**.

Here, Noretto's contacts with Michigan clearly satisfy the Michigan Long-Arm Statute and the minimum contacts analysis under the Due Process Clause. His contacts include the following:

- Being recruited and hired out of Kelly's Troy, Michigan headquarters (**Exhibit A**, Watkins Affidavit, ¶ 5.)

- Entering into an employment relationship with Kelly, which is based and headquartered in Michigan (Verified Complaint, ¶ 2);

- Entering into an employment agreement which contained a Michigan choice of law provision (Exhibit A to Verified Complaint, Agreement, § 7);

- Serving in a high-level position, Regional Manager, for the Michigan company (**Exhibit A**, ¶ 5);

- Reporting directly to, and corresponding on a regular, often daily, basis with, his supervisors who are located in the Troy headquarters (**Exhibit A**, ¶ 6);

- Attending annual business and training meetings in Michigan (**Exhibit A**, ¶ 7); and

- Accessing, using, and currently misappropriating Kelly's trade secrets, which were housed on computer servers located in the Troy headquarters (**Exhibit A**, ¶ 9).

Because of these contacts, Noretto not only has transacted business within Michigan, but he also has been using property (trade secrets) located within Michigan and acting as a manager for a Michigan company. Kelly also is suffering the consequences – irreparable harm – in Michigan as a result of Noretto's unlawful actions. Consequently, there is limited personal jurisdiction over Noretto under the Michigan Long-Arm Statute, MCL § 600.705(1), (2), (3), and/or (6).

The exercise of personal jurisdiction also does not offend traditional notions of fair play and substantial justice under the Due Process Clause where Noretto's contacts with Michigan are more than sufficient. Therefore, Noretto's Motion to Dismiss for lack of personal jurisdiction should be denied.

## II. VENUE SHOULD REMAIN IN THE EASTERN DISTRICT OF MICHIGAN.

### A. Standard of Review

On a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), the plaintiff bears the burden of proving that venue is proper. *See Audi AG,* 1016-17. The Court may examine facts outside the Complaint; however, the Court must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *Id.* (citations omitted). If a defendant prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred. *See* 28 U.S.C. § 1406(a).

### B. Venue Is Proper in Michigan Pursuant to 28 U.S.C. § 1391(a)(2).

Venue is proper in this District because a substantial part of the events giving rise to Kelly's claims against Noretto occurred in Michigan, and a substantial part of the property (confidential information and trade secrets) that is part of this action also is situated in Michigan. The venue statute, 28 U.S.C. § 1391, states:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) **a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,** or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. [Emphasis added.]

This Court in *PML North America, LLC v. Harford Underwriters Ins. Co.*, 2006 U.S. Dist. LEXIS 8645 (E.D. Mich. Feb. 13, 2006), recently found that venue was proper under 28 U.S.C. 1391(a) because a substantial part of the events occurred in Michigan. The Court reasoned:

> The Amended Complaint alleges, among other things, that Defendants: conspired to convert the funds **of a Michigan company; failed to fulfill contractual**

8

> **obligations entered into with a Michigan company;** and failed to provided insurance coverage to multiple Michigan entities. (Am. Comp. ¶¶ 38-51.) Under these circumstances, the court is satisfied that Plaintiff has met its burden of establishing that it brought the complaint in the proper venue, and will deny the motion to dismiss.

*Id.* at \*\*25-26 (emphasis added).

Similarly, venue is proper in this District because a substantial part of the events giving rise to Kelly's claims occurred in Michigan:

- Noretto failed to fulfill his contractual non-compete, non-solicit, and non-disclosure obligations, which he entered into with a Michigan company.

- Noretto also was provided with Kelly's confidential information and trade secrets during the annual meetings and training sessions that he attended in Michigan and during his regular communications with its Troy headquarters. (**Exhibit A**, ¶¶ 7-8.)

- His breaches of contract and misappropriation of trade secrets are now causing Kelly irreparable harm in Michigan.

A substantial part of the property that is involved in this action also is situated in Troy, Michigan. Noretto accessed and used Kelly's confidential information and trade secrets, which were approved and housed on computer servers located at its Troy headquarters. (**Exhibit A**, ¶¶ 8-10.) It is this information and property of Kelly that Noretto is misappropriating, and will inevitably continue to misappropriate, in violation of the Michigan Uniform Trade Secret Act ("MUTSA").

Therefore, Kelly has met its burden of demonstrating that this action was filed in the proper venue, and Noretto's Motion to Change Venue or Dismiss should be denied.[2]

---

[2] In his motion papers, Noretto fails to raise forum non conveniens or conduct an analysis under 28 U.S.C. § 1404(a). For this reason, any subsequent argument to transfer venue based on convenience has been waived and must be denied.

Even if Noretto challenged Michigan as the forum under 28 U.S.C. § 1404(a), he would not prevail. Kelly's choice of forum will not be disturbed unless the "balance of inconveniences is strongly in favor of the defendants." *See, e.g., Catalano v. BRI, Inc.,* 724 F. Supp. 1580, 1583

## CONCLUSION

For the foregoing reasons, Noretto's Motion to Change Venue or Dismiss should be denied because (1) Kelly has established personal jurisdiction over Noretto as a result of his numerous contacts with Michigan, and (2) venue is proper in this District where a substantial part of the events giving rise to Kelly's breach of contract and MUTSA claim occurred in Michigan and a substantial part of the property (trade secrets) involved in this action is situated in Michigan.

                                                      Respectfully submitted,

                                                      BUTZEL LONG

                                                      s/ James J. Giszczak (P46917)
                                                      s/Katherine D. Goudie (P62806)
                                                      150 West Jefferson, Suite 100
                                                      Detroit, Michigan 48226
                                                      Phone:  (313) 983-7475
                                                      E-mail: giszczak@butzel.com
                                                                         goudie@butzel.com

Dated:  June 25, 2007                              Attorneys for Plaintiff

/931075/

---

(E.D. Mich. 1989).  An analysis of the factors for a forum non conveniens argument is set forth in *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000), and does not weigh in Noretto's favor.  For example, material witnesses, such as Sheen Watkins, Kristin Supancich, and key individuals from Kelly's human resource department, are all located in Michigan (**Exhibit A**, ¶ 6); key sources of proof and documentation regarding Kelly's confidential information and trade secrets also are located in Michigan (*id.,* ¶¶ 8, 9); and Michigan law applies to this dispute.

     Therefore, at most, Noretto is only able to demonstrate that transferring venue to Oregon simply exchanges his inconvenience for that of Kelly's.  This is not enough to overcome the presumption in favor of Kelly's choice of forum.  *See Walling,* 851 F. Supp. at 845.  Moreover, Noretto's trips to Michigan during his employment with Kelly demonstrate that any alleged burden or inconvenience of having to appear here for this case is de minimus.  *See id*.

I hereby certify that on June 25, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Kirk M. Liebengood, 2710 W. Court St., Ste. 1, PO Box 1405, Flint, MI 48501.

        s/James J. Giszczak (P46917)
        s/Katherine D. Goudie (P62806)
        Butzel Long
        150 West Jefferson, Ste. 100
        Detroit, MI 48226-4450
        Phone:  313/983-7475
        E-mail: giszczak@butzel.com
              goudie@butzel.com